IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:05cr90-M |
| | ) | WO |
| ROTARIO K. JACKSON | ) | |

**ORDER ON MOTION**

The defendant, ROTARIO K. JACKSON, filed an Motion to Continue Trial (Doc. #14) of this case on 6 September 2005. While the granting of a continuance is left to the sound discretion of the trial judge, ***United States v. Warren***, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the ***Speedy Trial Act***, 18 U.S.C. §3161 ["The Act]. The Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such a matter. 18 U.S.C. §3161(c)(1). ***See United States v. Vassar***, 916 F.2d 624 (11th Cir. 1990). The Act excludes from this 70-day period any continuance that the judge grants "on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial". 18 U.S.C. §3161(h) (8) (A).

The defendant's circumstances appear to warrant a continuance of this case. For example, there is one defendant in this case. The motion to continue, filed on behalf of the defendant, states that counsel of record "has been unable to contact Mr. Jackson through phone calls or written correspondence". This statement concerns the court, because the defendant's silence  - or absence -  renders his counsel and this court unable to predict his

response or its timing. By no means will the court delay or compromise these proceedings solely because counsel cannot contact the defendant. Nevertheless, it is sufficient for now to grant the motion. Therefore, it is

ORDERED that the defendant shall file a waiver of his right to a Speedy Trial under the Act upon receipt of this order.

The court concludes that the ends of justice served by continuing this case outweigh the interests of the public and the defendant in a speedy trial. Therefore, it is further

ORDERED that the motion to continue filed by the defendant is GRANTED and that this cause be set on the term commencing on 21 November 2005. The government and the defendants are ADVISED that the continuance of trial setting for this case should not be construed as a continuance of any other deadlines set in the Arraignment Order.

DONE this 8th day of September, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE